**FROM: The District Court of the 4th Judicial District. County of Missoula.**

STATE OF MONTANA,

Plaintiff, NO. 11239

vs. DECISION

Christopher Shawn Haegen,

Defendant.

On July 26, 1995, the Court found the defendant in violation of the conditions of his suspended sentences and it is the judgment of the Court that defendant's prior suspended sentences are hereby revoked and that the defendant be and he is hereby committed to the Department of Corrections for a term of ten (10) years on each count for suitable placement. The sentences shall run concurrently with each other. The Court finds that the defendant is not entitled to receive, and shall not receive, credit for any elapsed time between the date of his conviction and the date of this Order, except that he shall receive credit from August 1, 1994, through September 19, 1994; and from July 9, 1995, through date of sentencing, July 26, 1995, for sixty-eight (68) days jail time which he has previously served.

On October 19, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

The Sentence Review Division finds that the time spent incarcerated in Minnesota was pursuant to a violation of Minnesota law. It is appropriate that Mr. Haegen not be given credit for such time upon his Montana sentence.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 19th day of October, 1995.

DATED this 1st day of November, 1995.

**Hon. John Warner, Chairman, Hon. Ted O. Lympus, Member, Hon. Jeffrey M. Sherlock, Member.**

The Sentence Review Board wishes to thank Christopher Haegen for representing himself in this matter.